IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCUS L. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-523-GMS |
| | ) |
| ABIGAIL E. WEST, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Marcus L. Robinson ("Robinson"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

## I. BACKGROUND

Robinson alleges that from March 8, 2015 through April 22, 2015, the defendant correctional officer Abigail E. West ("West") sexually harassed him on numerous occasions. The harassment typically consisted of taunts, West sticking our her tongue in a licking motion and gesturing as if to lick Robinson's private parts, as well as telling Robinson that she wanted to lick his penis. West told Robinson that he had better do what she said because, if he did not, she would book him. Robinson alleges that he had nightmares, was traumatized, and depressed by

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

West's actions. In April 24, 2015, Robinson advised the defendant Warden David Pierce ("Pierce") of the situation, to no avail.

Robinson alleges that when he filed a grievance complaining of West's actions, he was transferred to a high maximum security prison unit "for no reason." Robinson explains that the unit where he is now housed is specifically for behavioral problems and death row inmates. Robinson seeks damages and injunctive relief.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Robinson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal

2

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Robinson leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in

3

the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Sexual Harassment

Robinson alleges sexual harassment by West through verbal abuse and sexual gestures. Mere verbal abuse, even abuse involving sexual harassment or of a lewd variety, is not actionable under 42 U.S.C. § 1983. *See Dunbar v. Barone*, 487 F. App'x 721 (3d Cir. 2012 (unpublished); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009). Indeed, it is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment. *See Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) (unpublished).

Robinson also contends that West directed inappropriate sexual gestures towards him. He does not allege, however, that her alleged conduct involved contact or touching. Although our appellate court "has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate," courts elsewhere have held that "sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation. *See Chambliss v. Jones*, 2015 WL 328064, at *3 (M.D. Pa. 2015) (listing cases); *Boxer X v. Harris*, 437 F.3d 11107, 1111 (11th Cir. 2006) (finding that solicitation of a prisoner's masturbation, even under the threat of retaliation does not violate the Eighth Amendment); *Morales v. Mackalm*, 278 F.3d 126, 129 (2d Cir. 2002) (finding that a demand for sex in front of other

4

female staff does not rise to the level of an Eighth Amendment violation), *overruled on other grounds in Porter v. Nussle*, 534 U.S. 516 (2002).

For these reasons, the court will dismiss the sexual harassment claims against West pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) with leave to amend to the extent that Robinson can allege circumstances sufficient to state a claim against West.

### B. Eleventh Amendment

The VCC is a named defendant, and it falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). In addition, dismissal is proper because the VCC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008) (unpublished). Accordingly, the court will dismiss the claims against the VCC pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

## C. Respondeat Superior

Robinson alleges that he advised Pierce of West's alleged actions, to no avail. He also alleges retaliation occurred because he was transferred following the submission of grievances complaining of West's behavior. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676–77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (unpublished) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

Here, Robinson alleges that he wrote to Pierce following the alleged acts of West. However, participation in the after-the-fact review of a letter of complaint is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). *Cf. Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim). The allegations do not allege any direct or personal involvement by Pierce.

Therefore, the claim against Pierce will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it rests impermissibly on a theory of supervisory liability. The court will also dismiss the retaliation claim given that the claim is not directed towards any defendant. Robinson, however, will be given leave to amend the retaliation claim as

it appears plausible that he may be able to articulate a claim against defendant(s) (or name an alternative defendant).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous, for failure to state a claim upon which relief may be granted, and based upon immunity pursuant to 28 U.S.C. §§1915(e)(2)(B)(i), (ii), and (iii) and §§ 1915A(b)(1) and (2). The plaintiff will be given leave to amend the sexual harassment and retaliation claims.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Sept 28, 2015
Wilmington, Delaware